```
                IN THE UNITED STATES DISTRICT COURT

           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SALIA KONE,                      :
      Petitioner                 :
                                 :
        v.                       :
                                 :    No. 2:02-CV-03232-CRW
HONORABLE JOHN ASHCROFT,         :
UNITED STATES ATTORNEY           :
GENERAL,                         :
      Respondent                 :
                                 :
```

GOVERNMENT'S RESPONSE TO PETITION
FOR WRIT OF HABEAS CORPUS

I. INTRODUCTION

This is an alien habeas corpus case. The petitioner, Salia Kone, complains about detention following a final order of deportation.

Salia Kone is a native and citizen of the Republic of Mali through birth in Sikasso, Sikasso Region on March 22, 1966. On February 3, 1990 he entered the United States at New York, New York and was admitted as a non-immigrant (*i.e.* temporary) visitor for two weeks, until February 17, 1990.

On December 2, 1996 agents of the Immigration & Naturalization Service (INS) were making an "employer

-1-

sanctions" survey at the High-Tech Car Wash at 4090 Roosevelt Boulevard in Philadelphia when they encountered Kone working there. Preliminary inquiry indicated that Kone was an alien who had overstayed his period of admission, by two months short of seven years.

The INS issued an Order to Show Cause ("OSC"), then the charging document used to commence deportation proceedings. The OSC alleged that Kone had remained in the United States longer than permitted, without the authorization of the Attorney General. This rendered him deportable under 8 U.S.C. § 1251(a)(1)(B).

On June 27, 1997 Kone was accorded a hearing before the Immigration Judge (IJ), who denied Kone's application for asylum under 8 U.S.C. § 1158. The IJ found Kone deportable as charged, but instead of an order of deportation permitted Kone to depart voluntarily within 33 days of the hearing.

Kone appealed the denial of the asylum to the Board of Immigration Appeals (BIA), which affirmed the IJ's decision.[1] The Board's opinion noted that, while there had

---

[1] While his appeal to the BIA was pending, Kone was released on an order of supervision, on November 24, 1998. Following the final order dated June 29, 1999, Kone was again detained

been some unrest in Northern Mali in 1985, that condition was past. The Board's order, dated June 29, 1999, was a final administrative order of deportation.

On July 28, 1999 Kone filed a petition for review with the Third Circuit Court of Appeals (No. 99-5550). The petition was dismissed on November 8, 1999, apparently for Kone's failure to file an informal brief.

As of January 31, 2002 Kone was detained by INS at the Berks County Prison. From there he filed a habeas corpus petition in the Middle District of Pennsylvania (No. 02-00156). The court dismissed that petition on February 8, 2002, after instructing INS to review Kone's custody.

On May 24, 2002 Kone filed the instant petition.

In a custody review dated June 10, 2002, Kone was interviewed by the deportation officer assigned to his case, David Savina. Kone told Officer Savina that he had no intention of cooperating in the deportation process, and that his goal is to be released into the United States. Kone apparently acknowledged that he had told the consular officer from Mali that he did not wish to return there.

---

by INS on April 4, 2001; it is not clear whether he voluntarily surrendered or was apprehended.

On June 14, 2002 the INS Central Office in Washington, DC advised Kone that his intransigence and hindering of the deportation process suspended the removal period, pursuant to 8 U.S.C. § 1231(a)(1)(C). In other words, according to INS, the "presumed detention period" prescribed by the Supreme Court in Zadvydas v. Davis (see below) was tolled so long as he was not ready and willing to cooperate in the departure process.

On December 23, 2002 this Court held a telephonic status conference in the case, during which Kone was advised that the Attorney General would move the Court to dismiss the habeas petition for failure to state a claim.

II. ARGUMENT

Under the present immigration law, an alien who fails to depart during the period of "voluntary departure" granted by either the Immigration Judge, or in this case, the BIA, is then subject to what is referred to as an "alternate order" of deportation. Stated another way, when the voluntary departure period runs, a deportation order is effective without any action by the INS. See Gallo-Alvarez v. Ashcroft, 266 F.3d 1123, 1128 (9th Cir. 2001).

Once a deportation order becomes administratively

final, the Attorney General is required to take the alien into custody; 8 U.S.C. § 1231(a). The alien remains detained during the statutory removal period, which is 90 days, while the Attorney General effects the alien's removal. In Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 2504-05, 150 L.Ed.2d 653 (2001), the Court determined that a removal period (and detention) of six months was reasonable.[2] This removal period may start at any of various points; it is best understood as starting when the Attorney General has an "unhampered" opportunity to remove the alien. See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n. 3 (11th Cir. 2002).[3]

---

[2] This six-month period is not thaumaturgic; Justice Breyer was careful to note that "[t]his 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 121 S.Ct. at 2505. Elsewhere, the Court noted that the burden to show unforeseeability is upon the alien petitioning for release.

[3] According to the statute:
(B) The removal period begins on the latest of the following:
   (i) The date the order of removal becomes administratively final.
   (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's

The limits on constitutional detention are predicated on the alien's cooperation in the removal process. If the alien actively hinder or hampers the Attorney General's efforts to expel him, the removal period is "tolled" by statute; 8 U.S.C. § 1231(a)(1)(C).[4] See Sango-Dema v. District Director, 122 F.Supp.2d 213, 221 (D.Mass. 2000) (alien cannot trigger right to freedom from indefinite detention "with his outright refusal to cooperate with INS officials").

In this case the INS took Kone into custody and presented him to a consular official of the Republic of Mali. That official is satisfied that Kone is a citizen of his country. Nonetheless, during his interview with his country's official, Kone told the consul that he did not

---

        final order.
      (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement).
8 U.S.C. § 1231(a)(1)(B)(West 2002).

[4]    The tolling proviso says:
The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.
8 U.S.C. § 1231(a)(1)(C)(West 2002).

want to return to Mali. The Mali government accordingly has declined to issue a travel document to permit Kone's return.

Kone's habeas petition is straightforward, and easily understood. Kone's theory is that if an illegal alien obstructs his removal long enough, the Attorney General is required to release that alien into American society. Kone says that as an illegal alien admitted for a two week visit, he has acquired a substantive liberty interest that trumps any interest the citizens of the United States have in ensuring an orderly process of immigration, or enforcing the immigration laws. The contention, of course, is frivolous.

Applying the Supreme Court's <u>Zadvydas</u> analysis to his case, the result is the same. The Attorney General is entitled to detain Kone indefinitely precisely because Kone has not established that his removal is not foreseeable. The Mali government will permit Kone to return home tomorrow, and both Kone and the INS know it.[5]

III. <u>CONCLUSION</u>

Under the <u>Zadvydas</u> holding and the applicable

---

[5] The petition contains a recital that the Republic of Mali "refused to accept him." As the attached documents make clear, that is based on Kone's instructions to his government.

statute, Kone's removal period will start when he cooperates with the Attorney General in his repatriation. The petition fails to state a claim under <u>Zadvydas</u> and should be dismissed.

                                      Respectfully,

                                      PATRICK L. MEEHAN
                                    United States Attorney


_____      _____
                                    JAMES G. SHEEHAN
                                    Assistant United States Attorney
                                    Chief, Civil Division


                                    _____
                                    STEPHEN J. BRITT
                                    Assistant United States Attorney

## *Certificate of Service*

I certify hereby that on the 30th Day of December, 2002, I personally served a copy of the attached Government's Response To Petition for Writ of Habeas Corpus, addressed to:

>Salia Kone   No. 02-2683   C-1-73
>Montgomery County Correctional Facility
>60 Eagleville Road
>Norristown, PA         19403-1400

by first class mail service upon petitioner.

_____
STEPHEN J. BRITT
Assistant United States Attorney
Suite 1250, 615 Chestnut Street
Philadelphia, PA 19106-4476
(215) 861-8443
(215) 861-8642   telecopier