# EXHIBIT 1



U.S. Department of Justice
Immigration and Naturalization Service

HQPDU
Washington, DC 20536

Silia KONE                                A#72 769 508
C/O Berks County Sub-Office
1287 County Welfare Road
Leesport, PA 19533

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed by the Immigration and Naturalization Service (Service) and that you will not be released from custody at this time. This decision was based on a review of your file record and/or personal interview and consideration of any information you submitted to the Service's reviewing officials.

You are a native and citizen of Mali who entered the United States at New York City on February 3, 1990 as a temporary visitor for pleasure. You were granted voluntary departure by the immigration judge on June 26, 1997. You filed an appeal of the judge's decision and the Board of Immigration Appeals dismissed your appeal on June 29, 1999, allowing you 30 days to voluntarily depart. You failed to depart by July 29, 1999 as required and the alternate order of deportation came into effect.

The Service submitted requests to the Embassy of Mali on May 26, 2001 and March 4, 2002 for the issuance of a travel document. You were previously interviewed by the consulate and the consul agreed that you were, in fact, a citizen of Mali. However, it has come to the Service's attention that you told the consul not to issue a document as you do not wish to return to Mali. This is directly in violation of Section 241(a)(1)(C) of the Immigration and Nationality Act as you have conspired to prevent your removal from the United States. This action alone serves to suspend your removal period and allows the Service to detain you beyond the 90-day removal period. In addition to your actions with the consul, you have also failed to make any application for a travel document on your own, as required by Section 241(a)(1)(C) of the INA. On June 10, 2002, you were interviewed by an officer of the Service and asked if you had made any attempts to procure a passport or travel document from the Mali government. You stated that you had not. As you have failed to fulfill the requirements of Section 241(a)(1)(C) of the INA, 8 CFR Section 241.13 does not apply to you. Additionally, as stated above, you removal period has been tolled due to your actions.

However, if you removal period was not tolled, the Service's experience demonstrates that it is likely that a Mali national may be removed to that country. In Fiscal Year (FY) 2001 and the first quarter of FY 2002, 52 persons were removed to Mali. For FY 2000, 56 persons were removed to Mali. You have not provided any evidence that your case is an exception. You have not shown good reason to believe that your removal is unlikely.

This denial, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the Service's efforts to remove you by taking whatever actions the Service request to effect you removal.

You are also advised that any willful failure or refusal on your part to apply <u>in good faith</u> for travel documents, or any actions or conspiracy on your part with others to obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

_MCozs_          6/14/02
Signature of HQPDU(Director/Designated Representative     Date

# POST ORDER CUSTODY REVIEW WORKSHEET FOR FILE REVIEW AND/OR INTERVIEW

**Detainee Name:** KONE, Silia  **Date of Birth:** 03/22/1966  **"A" Number:** A72 769 508

**AKAs:**  **BOP Number:**

**Country of Birth:** MALI  **Citizenship:** MALI

**Date of Arrival:** 2/3/1990  **Place of Arrival:** NYC

**Manner of Arrival:** B2  **Last Date into INS Custody:** 04/09/2001

**Entered INS Custody from:** ☐ Local ☐ State ☐ Federal Institution ☒ Other

**Location:** Street  **Institution Number:**

**Immigration History:** (Prior INS arrest[s]/parole/bond/custody information)

Describe: On 11/24/1998 the subject was released on an Order of Supervision due to the fact that the subject's case was on appeal by the BIA.

**Deportation Officer:** David Savina  **Date of Review:** 06/10/2002

**Location Detained:** Montgomery County Correctional Facility
60 Eagleville Road
Norristown, PA 19403

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**  ☐ Section 237 (a)
☐ Section 212 (a)
☒ Section 241(a)(1)(B)

☒ Under Final Order dated 6/29/1999 by ☐ IJ ☒ BIA ☐ Other

☒ Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:**
The Consulate of Mali informed Deportation Officer Marc Lebiedzinski that he was satisfied that the subject was a citizen of Mali, and a travel document was would be issued in two weeks. However, when the subject spoke to the consulate here in York County Prison, that subject has informed the Consulate that it is his wish to remain it the United States. Mr. Kone is hindering his removal from the US. Requests have been sent to HQ on July 26, 2001. Consulate update on March 4, 2002.

Page 1

## Legal Representative / Attorney

G-28 Filed:  ☐ Yes   ☒ No

Legal Rep/Atty. Notified of Interview:   ☐ Yes   ☐ N/A   by:
on:

Name of Representative / Attorney:

Mailing Address:           Telephone Number:

Present during interview:   ☐ Yes   ☐ No

## Criminal History

**Outside the United States:** None Found
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:**  Non-Criminal

**NCIC Checks:**   ☐ Criminal History       ☐ No record Found
                      (State and Federal)

**FBI#**                                     SID#

Summary of NCIC Checks:

## Institutional / Disciplinary Record

Did the detainee have prior Disciplinary Reports?   ☐ Yes   ☒ No

   If Yes, List & Describe: None found

   Source:

Disciplinary reports and Incidents while in INS Custody?   ☐ Yes   ☒ No

   If Yes, List & Describe: None found

## Specifics of Interview

Date of File Review: June 10, 2002

Date of Detainee Interview: June 10, 2002

Location of Interview: Montgomery County Correctional Facility

Interviewing Officer:#1: David W. Savina

Interpreter Used: ☐ Yes  ☒ No   Name:
Language/Dialect:

Does the detainee have a place to live in the United States?   ☒ Yes   ☐ No

    Address: 4725 Chester Ave. Philadelphia, PA 19143 (friend: Adam Salia)

Is the detainee subject to any parole or probation requirements?   ☐ Yes   ☒ No

    Describe:

Does the detainee have close family ties within the United States?   ☒ Yes   ☐ No

    Describe: Subject has a girlfriend and USC child in the United States

Does the detainee have any community ties or non-governmental sponsors?   ☐ Yes   ☒ No

    Describe:

Does the detainee have any employment prospects?   ☒ Yes   ☐ No

    Describe: Letter of employment in file.

What is the detainee's employment history?

    Describe: Subject has worked at a car wash in the past.

What is the detainee's educational level?

    Describe: Unknown

Does the detainee have any vocational training?   ☐ Yes   ☒ No

    Describe: Uknown

## *Medical/Psychological Concerns*

**Medical/Psychological Report:** ☐ In A-File  ☒ None  ☐ Not Available

**Date and Source:**

**Other documentary evidence for consideration in this review:**

Letters from subject; Prior File Review; Employment letter

## Discussion at Interview

**Notes:** On June 10, 2002 at approximately 14:40 hours Mr. Kone was interviewed for possible release from Service custody.

Mr. Kone was asked when and why he came to the United States. The subject stated that he came to the U.S. in 1990 on a visitor visa to live and claim asylum. The subject was then asked if he had every intention in applying for asylum in the U.S. when he applied for his visitor's visa. Mr. Kone affirmed that he had every intention on remaining in the U.S. once he arrived. Mr. Kone was then asked what kinds of work had he done since his arrival in the U.S. Mr. Kone stated that he had work in car washes since coming to the U.S.

The subject was then asked if he has any family currently in the U.S. Mr. Kone stated that he has a child who lives in the U.S. with his mother. I asked Mr. Kone if he pays, or has paid child support for his child since his birth. The subject stated that he has not paid any support for his child since his birth. Mr. Kone was asked if he maintained contact with his child, and he stated that he does not know where he currently lives at this time. Mr. Kone was then asked if he had a place to live and potential employment available if was to be released by the Service. The subject stated that he would be able to live with his friend, and would be able to resume employment at the car wash that he worked at before he was arrested.

Mr. Kone was then asked if he has made any attempts to procure a passport or travel document from the Mali government. The subject stated that he had not made any attempts to date. The subject was then asked if he has any contact with anyone from the Mali government, and he stated no. Mr. Kone was then asked if the Service was to procure a travel document on his behalf next week, would he depart the U.S. Mr. Kone stated that he does not want to leave the U.S. and the Service would have to personally take him back to Mali. Mr. Kone was then asked if he wanted to add anything to this interview at this time. Mr. Kone stated that he has been in jail for over one year and didn't do anything. He went on to state that he would really appreciate it, if the Service would let him stay in the U.S.

Interview ended.

The INS detainee was found ☐ **CREDIBLE**   ☒ **NOT CREDIBLE**

**Explain:** This writer did not find Mr. Kone's statements to be credible for the following reasons:

Mr. Kone was very vague about what he has done since his arrival in the U.S., he was very nervous and fidgeted during the entire interview. Mr. Kone was reluctant to answer questions when asked about what kind of work he did in Mali. The subject would not look this writer directly in the eye, or in my direction when answering questions pose to him.

## Officer Comments/Analysis & Recommendation

On June 10, 2002 Mr. Kone's case file was reviewed for possible release from Service custody.

Mr. Kone arrive in the United States from Mali as a B-2 visitor for pleasure on February 3, 1990. He was authorized to remain in the U.S. for a period of six months. By his own admission the subject applied for, and received a visitor's visa with every intention of staying in the U.S. upon his arrival. Since his arrival the subject has work sporadically at car wash establishments, and lived with various friends.

Since Mr. Kone's apprehension by the Service the subject has not made any attempts what so ever to obtain a passport or travel document to return to his home country. The subject has in the past stated to his Consulate that he wishes to remain in the U.S., and does not want the Mali government to issue a travel document to the Service to facilitate his return. Additionally, while in the United States Mr. Kone has fathered a child for whom he has not accepted responsibility or paid any type of support for?

Mr. Kone has lied to U.S officials to gain a benefit (visitor visa) in order to come to the U.S. Once here he has not made any meaningful attempts to be self-supporting, or to support his child. The subject seems to feel that he has a right to remain in the U.S. since he has been here for over ten years. By his own admission the subject does not want to return to Mali, and will not assist the Service in any way in obtaining a travel document on his behalf.

It is this writers belief that Mr. Kone is not only hindering his removal from the United States, but would be a flight risk and a public charge if released on a order of supervision. Therefore, it is this writers recommendation that Mr. Kone remain in Service custody pending the issuance of a travel document from the Mali government, or the subject's assistance in obtaining one.

Interviewing Officer: David W. Savina   Date: 6/10/02   (Detain)   Release

                                        Concur   Do Not Concur

Reviewed by: _____   Date: _____

# DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

    Bond Amount: _____

☐ CONTINUE IN CUSTODY / RETAIN CUSTODY DETERMINATION AUTHORITY FOR AN ADDITIONAL 90 DAYS AFTER REMOVAL PERIOD.

☐ CONTINUE IN CUSTODY / TRANSFER CUSTODY DETERMINATION AUTHORITY TO HQ PDU.

Comments (attach additional sheet(s) if necessary):

INS District Office: _____

Signature of District Director: _____  Date: _____
or of District Director's Designee

    (Printed Name & Title)

## HEADQUARTER'S REVIEW OF CONTINUED DETENTION

| Reviewing Officers | Concur | Reconsider | Date |
|---|---|---|---|
| (Name, Title, Signature) | | | |
| (Name, Title, Signature) | | | |
| (Name, Title, Signature) | | | |

For comments, please refer to the "Headquarters Post Order Custody Review" form.

Page 6

(Final 10/18/99)

**Decision to Continue Detention Following File Review**
**Silia KONE, A#72 769 508**

## PROOF OF SERVICE

(1) **Personal Service (Officer to complete both (a) and (b) below.)**

(a) I _____, _____ with a copy of
       Name of INS Officer                Title

certify that I served _____ on _____, at _____.
                         Name of detainee              Date         Time

this document at _____
                      Institution

(b) I certify that I served the custodian _____, _____, on
                                              Name of Official

_____, at _____
        Title                     Institution

_____ with a copy of this document.
        Date

OR

(2) **Service by certified mail, return receipt. (Attach copy of receipt)**

I _____, _____, certify
     Name of INS Officer            Title

that I served _____ and the custodian _____ on _____.
                 Name of detainee                              Name of Official            Date

with a copy of this document by certified mail at _____
                                                        Institution

( ) CC: Attorney of Record or Designated Representative
( ) CC: A-File