```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| SALIA KONE | : | CIVIL ACTION |
|     Petitioner | : | |
| v. | : | |
| JOHN ASHCROFT | : | NO. 02-3232 |
|     Respondent | : | |

### **O R D E R**

AND NOW, this   day of April, 2003, upon consideration of Petitioner's Petition for Writ of Habeas Corpus and the Government's Response, it is hereby ORDERED that said Petition is DENIED.  The Clerk shall MARK this matter CLOSED for statistical purposes and all pending motions shall be DENIED as moot.  It is further ORDERED, consistent with the Petitioner's request, that he be DEPORTED FORTHWITH.

Petitioner is a native and citizen of the Republic of Mali.  He came to the United States on February 3, 1990, and was given non-immigrant visitor status permitting him to stay in the United States for two weeks, or, until February 17, 1990.  On December 2, 1996, nearly seven years past his mandated departure date, Petitioner was discovered by Immigration and Naturalization Service ("INS") agents in Philadelphia.  On June 27, 1997, Petitioner had a hearing on his application for asylum which was denied.  After two unsuccessful appeals, Petitioner was detained

1

by the INS and filed the instant petition on May 24, 2002. On June 10, 2002, Petitioner was given a custody review and was interviewed by the deportation officer assigned to his case, David Savina. It was at this time that Petitioner revealed that he had no intention of cooperating in the deportation process. Furthermore, he acknowledged that he told the consular officer from Mali that he did not wish to return there and requested that the Embassy of Mali not issue the travel documents necessary to facilitate his return. Exhibit A, Respondent's Brief. Consequently, the Mali government failed to approve Petitioner's deportation and the INS is therefore unable to facilitate a deportation.

Petitioner challenges his continued detention during the removal process. In support of his case, Petitioner cites the Supreme Court's holding in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), which indicates that detainees cannot be held indefinitely when there is no reasonable likelihood of removal in the reasonably foreseeable future. The Respondent is quick to point out that the limits on constitutional detention are predicated on the alien's cooperation in the removal process and that if the alien hinders or hampers the Attorney General's efforts to deport him, the removal period is tolled by statute. 8 U.S.C. § 1231(a)(1)(C). Because Petitioner has admittedly hampered the Attorney General's efforts to deport him by

instructing the Embassy of Mali not to issue travel documents, the time constraints as elicited in <u>Zadvyas</u> are inapplicable. For these reasons, Petitioner's Petition fails and must be denied.

Apparently realizing the above, Petitioner has recently filed a motion to effectuate his immediate removal from the United States to the Republic of Mali. While this Court is technically not granting Petitioner's motion, it is ordering that Petitioner's removal be effectuated immediately. If Petitioner is sincere in his apparent desire to be sent back to Mali, this Court encourages him to work with the INS to make this happen.

AND IT IS SO ORDERED.

_____
Clarence C. Newcomer, S.J.